IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

_____

| | |
|---|---|
| JAMES LEE LARSON,<br><br>    Plaintiff,<br><br>   vs.<br><br>DR. JEFF RITTOW and DR. SCHAEFER, MIKE MAHONEY, JILL BUCK, TONY BARCLAY, SGT. JOHNSON, SGT. MCCUNE, BEN BOULEY, DAVE LENNING, DEPPER BROWNING, KEN NEUBAUER, DIANNA MANN, and JAMES GAMBLE,<br><br>    Defendants. | Cause No. CV-08-045-H-DWM-RKS<br><br><br><br>FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DENY MOTIONS FOR EMERGENCY AND PRELIMINARY INJUNCTIONS |

_____

This matter comes before the Court on Plaintiff's Motion for Emergency Injunction. (Document 11) and Plaintiff's Motion for Preliminary Injunction. (Document 13). Plaintiff brought this action pursuant to 42 U.S.C. § 1983 seeking to recover for alleged constitutional

violations while incarcerated at the Montana State Prison. Accordingly, the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

Although somewhat incomprehensible, Plaintiff's motion for emergency injunction appears to state that Dr. Schaffer took Plaintiff off his primary anti-depressant three months ago and Plaintiff immediately had symptoms of suicidal depression and started complaining. He alleges that now, three months later, he is still having symptoms and can get no reaction from the doctor. He states that he fears retaliation for "suicide ideology" which only makes him more depressed as he will simply be put on strip cell and starved for up to 10 days, a fate worse than death. Plaintiff states that he needs to be returned to Montana State Hospital for medication assessments. He states that he is sentenced under 46-14-312 M.C.A. and needs intervention as this is a multi million dollar lawsuit and he needs to get out to work on it. He states that the prison is retaliating against him and he is afraid he will become suicidal.   (Document 11).

Plaintiff's petition for preliminary judgment seeks emergency hospitalization at Montana State Hospital in Warm Springs. (Document 12)

Plaintiff has filed sixteen lawsuits regarding his placement at the Montana State Prison. In his first lawsuit, Plaintiff alleged that he was wrongfully transferred from the Montana State Hospital to the Montana State Prison. (See Civil Action No. 08-CV-002-H-DWM). The Court dismissed that case on the basis that prisoners do not have a right to incarceration in the institution of their choice.  See Olim v. Wakinekona, 461 U.S. 238, 245, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983).   Therefore, Plaintiff's claims regarding his transfer to Montana State Hospital to Montana State Prison did not state a constitutional claim for relief.

Plaintiff continues to argue that he has been improperly transferred. As Plaintiff's claims regarding a wrongful transfer have already been dismissed, the Court should decline to grant an injunction returning Plaintiff to Montana State Hospital.

Based on the foregoing, the Court issues the following:

## RECOMMENDATION

Plaintiff's Motion for Emergency Injunction (Document 11) and Motion for Preliminary Injunction (Document 13) should be **DENIED**.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED this 25th day of September, 2008.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge