IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

_____

| | |
|---|---|
| JAMES LEE LARSON, | Cause No. CV-08-045-H-DWM-RKS |
| Plaintiff, | ORDER TO SERVE COMPLAINT BY REQUESTING WAIVER OF SERVICE |
| vs. | OF SUMMONS AND FINDINGS AND RECOMMENDATION OF UNITED |
| DR. JEFF RITTOW, et. al., | STATES MAGISTRATE JUDGE |
| Defendants. | **(Defendants please see D.Mont. L.R. 12.2)** |

_____

This matter is before the Court on Plaintiff James Lee Larson's Amended Complaint[1]

(Document 12) for completion of the prescreening process pursuant to 28 U.S.C. § 1915 and 28

U.S.C. § 1915A.

---

[1] Plaintiff filed five Complaints in this matter (Documents 2, 7, 9, 10, and 12). However, pursuant to the Court's Order of August 14, 2008, Plaintiff was directed to file one comprehensive complaint alleging all facts relevant to his claim that he was being denied mental health care. Plaintiff was further advised that an amended pleading operates as a complete substitute for an original pleadings. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Accordingly, the Court will only consider Plaintiff's most recent Amended Complaint. (Document 12.)

ORDER TO SERVE COMPLAINT BY REQUESTING WAIVER OF SERVICE OF SUMMONS AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE–
CV-08-045-H-DWM-RKS / PAGE 1

I.  STATEMENT OF THE CASE

    A.        **Jurisdiction**

Plaintiff filed his Complaints pursuant to 42 U.S.C. § 1983 seeking recovery for alleged denials of mental health care while incarcerated at the Montana State Prison.  The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

    B.        **Parties**

Plaintiff is a state prisoner incarcerated at the Montana State Prison in Deer Lodge, Montana.

The Defendants named in Plaintiff's Amended Complaint (Document 12) are:  Dr. Jeff Ritow and Dr. Shaiffer, both in the psychiatric department at Montana State Prison; Jill Buck, R.N. Director in Mental Health Services at Montana State Prison; John Gapby, psychiatric aid at Montana State Prison; Depper Browning, Case Manager Close III Unit at Montana State Prison; Tony Barclay, Counselor in the B Unit at Montana State Prison; Dan Chelavek, Unit Manager Close I at Montana State Prison; Ben Bouley, Unit Manager of Close III at Montana State Prison; Myron Beeson, Warden at Montana State Prison; Dianne Mann, mental health counselor at Montana State Prison; and Billie Ryke, grievance coordinator.

Plaintiff named the following Defendants in previous Complaints:  Mike Mahoney, Warden of Montana State Prison; Dave Lenning, Close I Unit Manager at Montana State Prison; Ken Neubauer, B Unit Manager at Montana State Prison; James Gamble, Administrator at the Department of Corrections; and Sgt. Johnson and Sgt. McCune, B Unit Sergeants at Montana State Prison.  These defendants are not named in his current complaint.  Plaintiff's amended

pleading operates as a complete substitute for Plaintiff's earlier complaints. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, the Court construes this as a request to voluntarily dismiss these Defendants pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure and recommends the dismissal without prejudice of those defendants not named in Plaintiff's Amended Complaint.

### C. Plaintiff's Allegations

Plaintiff alleges violations of his rights under the Eighth Amendment to the United States Constitution. He contends his mental health condition is being ignored, Defendants are deliberately indifferent to his condition, and Defendants placed him in isolation (a strip cell) for no reason.

## II. PRESCREENING

The Eighth Amendment requires that prisoners receive adequate medical care. *See McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997). The Ninth Circuit has extended *Estelle v. Gamble,* 429 U.S. 97, 106 (1976) to cover serious mental disorders. *See, e.g., Hoptowit v. Ray,* 682 F.2d 1237, 1253 (9th Cir. 1982). In order to state an arguable Section 1983 claim for failure to provide medical care, a prisoner must allege that a defendant's "acts or omissions [were] sufficiently harmful to evidence a deliberate indifference to serious medical needs." *Estelle,* 429 U.S.at 106; *Toussaint v. McCarthy*, 801 F.2d 1080, 1111 (9th Cir. 1986).

Under this standard ,and liberally construing Plaintiff's claims, the Court will require Defendants to file a response to Plaintiff's Amended Complaint (Document 12). The Court

ORDER TO SERVE COMPLAINT BY REQUESTING WAIVER OF SERVICE OF SUMMONS
AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE–
CV-08-045-H-DWM-RKS / PAGE 3

draws no conclusions about the truth of Plaintiff's allegations or about the strength of the evidence he might offer to corroborate them. The Court only finds that Plaintiff's claims in his Amended Complaint (Document 12) have set forth sufficient facts to require a response from Defendants.

Based on the foregoing, the Court issues the following:

## ORDER

1. Pursuant to Fed. R. Civ. P. 4(d), the Court will request Defendants to waive service of summons of Plaintiff's Amended Complaint (Document 12) by executing, or having counsel execute, the Waiver of Service of Summons.[2] The Waiver must be returned to the Court within **thirty (30) days of the entry date of this Order as reflected on the Notice of Electronic Filing**. If Defendants choose to return the Waiver of Service of Summons, their answer or appropriate motion will be due within **60 days of the entry date of this Order as reflected on the Notice of Electronic Filing**, pursuant to Fed. R. Civ. P. 12(a)(1)(B). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," Defendants are required to respond).

---

[2] No response is necessary at this time from the defendants recommended for dismissal as set forth herein.

      2. The Clerk of Court shall forward the documents listed below to:

Legal Counsel for the
Montana Department of Corrections
P.O. Box 201301
Helena, MT 59620-1301

    \*      a copy of the Court's Docket;

    \*      Documents 2, 5, 7-15;

    \*      this Order;

    \*      a Notice of Lawsuit & Request to Waive Service of Summons; and

    \*      a Waiver of Service of Summons

Should counsel determine they do not represent Defendants in this matter, they should notify the Court's Pro Se Department as soon as possible.

Counsel for Defendant must file a "Notice of Appearance" as a separate document at the time an Answer or Rule 12 motion is filed. *See* D. Mont. L.R. 12.2.

      3. Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11. If a party wishes to give the Court information, such information must be presented in the form of a notice. The Court will not consider requests made or information presented in letter form.

      4. Pursuant to Fed. R. Civ. P. 5(a), all documents presented for the Court's consideration must be simultaneously served by first-class mail upon the opposing party or their counsel if the

party is represented. Each party shall sign and attach a proper certificate of service to each document filed with the Court. The Certificate of Service must state the date on which the document was deposited in the mail and the name and address of the person to whom the document was sent. The sender must sign the certificate of service.

5. Plaintiff shall not make any motion for default until at least seventy (70) days after the date of this Order.

6. At all times during the pendency of this action, Plaintiff SHALL IMMEDIATELY ADVISE the Court and opposing counsel of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except that if Plaintiff has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Further, the Court issues the following:

### RECOMMENDATION

Defendants Mike Mahoney, Dave Lenning, Ken Neubauer, James Gamble, Sgt. Johnson and Sgt. McCune should be **DISMISSED WITHOUT PREJUDICE** under Rule 41(a)(2) of the Federal Rules of Civil Procedure.

ORDER TO SERVE COMPLAINT BY REQUESTING WAIVER OF SERVICE OF SUMMONS AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE–
CV-08-045-H-DWM-RKS / PAGE 6

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to these Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED this 14th day of November, 2008.

        */s/ Keith Strong*
        Keith Strong
        United States Magistrate Judge

## NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE OF SUMMONS

TO:

    Legal Counsel for the
    Montana Department of Corrections
    P.O. Box 201301
    Helena, MT 59620-1301

    A lawsuit has been commenced by an incarcerated pro se plaintiff against the following individuals: Dr. Jeff Ritow, Dr. Shaiffer, Jill Buck, John Gapby, Depper Browning, Tony Barclay, Dan Chelavek, Ben Bouley, Myron Beeson, Dianne Mann, and Billie Ryke. A copy of Plaintiff's Amended Complaint (Document 12) is attached to this notice. It has been filed in the United States District Court for the District of Montana, Civil Action No. CV-08-045-H-DWM-RKS. The Court has completed its pre-screening and concludes that Defendants must file a responsive pleading to Plaintiff's Amended Complaint (Document 12). *See* 42 U.S.C. § 1997e(c), (g)(2); 28 U.S.C. §§ 1915(e)(2), 1915A(a), (b).

    This is not a formal summons or notification from the Court, but rather a request that you sign and return the enclosed waiver of service in order to save the cost of service by the U.S. Marshal's Service. The cost of service will be avoided if you return the signed Waiver of Service of Summons within 30 days after the entry date reflected on the Notice of Electronic Filing of the "Order to Serve Complaint by Requesting Waiver of Service of Summons," which was served with this Notice.

    If you comply with this request and return the waiver to the Court, it will be filed with the Court and no summons will be served. The action will then proceed as if you had been served on the date the waiver is filed, except that you must file an answer or appropriate motion before 60 days from the date the Order directing this Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

    If you do not wish to waive service on behalf of Defendants, please indicate this on the Waiver of Service of Summons form. The Court will, in turn, order the U.S. Marshal's Service to serve the complaint personally on Defendants and may impose the full costs of such service.

                                              */s/ Keith Strong*
                                              Keith Strong
                                              United States Magistrate Judge

## WAIVER OF SERVICE OF SUMMONS

TO:   The U.S. District Court for the District of Montana

   The following Defendants acknowledge receipt of your request that they waive service of summons in the following action:  Larson v. Ritow, et. al., Civil Action No. CV-08-053-H-DWM-RKS filed in the United States District Court for the District of Montana.  Defendants have also received a copy of Plaintiff's Amended Complaint. (Document 12).  I am authorized by the following Defendants to agree to save the cost of service of a summons and an additional copy of the complaint in this action by not requiring that the following individuals be served with judicial process in the case provided by Fed. R. Civ. P. 4:

_____; _____;

_____; _____;

_____; _____;

   The above-named defendants retain all defenses or objections to the lawsuits or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons.  I understand that judgments may be entered against the above-named defendants if an answer or motion under Fed. R. Civ. P. 12 is not served within 60 days after the date the Order directing the Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

   I decline to waive service on behalf of the following defendants:

_____; _____;

_____; _____;

_____; _____;

_____   _____
DATE                                SIGNATURE

                                    _____
                                    PRINTED/TYPED NAME

                                    _____

                                    _____
                                    ADDRESS